UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 5:08 CR 250 |
| | ) | |
| Plaintiff/Respondent, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Tommy Andres Gonzales, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant/Petitioner. | ) | |

**Introduction**

This matter is before the Court upon petitioner's Motion to Vacate Under Section 2255 (Doc. 110). For the following reasons, the motion is DENIED.

**Facts**

Petitioner Gonzales was indicted in 2008 on drug charges. The case was assigned to United States District Court Judge Peter Economus. Petitioner was represented by a retained attorney. In October 2008, following the denial of a motion to suppress, Judge Economus allowed petitioner's attorney to withdraw and petitioner retained a new attorney. On January 5, 2009, attorney Robert Simels of New York filed a Motion for Admission Pro Hac Vice on

1

petitioner's behalf. Simels's supporting affidavit stated, "I have not been disbarred, nor formally censured by any court of record, or any state bar association." Judge Economus granted the motion. Petitioner was still represented by his other attorney, but Simels was lead counsel. On January 29, 2009, petitioner entered a guilty plea pursuant to a written plea agreement and was sentenced to 144 months incarceration, followed by a period of supervised release. The case was thereafter reassigned to this Court.

According to petitioner's declaration filed in support of the present petition, he saw Simels in January 2013 as a co-inmate in the federal correctional facility where he was incarcerated. Petitioner contacted an attorney and learned that Simels was serving a 14 year federal prison term, and that he had been under indictment at the time he was representing petitioner. Had petitioner known of this, he would not have allowed him to be his lawyer. (pet. decl.)

Evidence shows that Simels was indicted in the United States District Court for the Eastern District of New York in 2008 and a superceding indictment was returned. On August 20, 2009, following a jury trial, Simels was found guilty on almost all counts of conspiracy to obstruct justice, witness intimidation, bribery, and other counts. He was sentenced on December 4, 2009 to 168 months imprisonment. (Doc. 71 Exs.)

Samuel Yannucci, the Assistant United States Attorney who represented the United States in petitioner's case, was likewise unaware of Simels's situation during the plea and sentencing proceedings of this case. (Doc. 71 Ex. I)

Yannucci avers the following in pertinent part. He had discussions with petitioner's initial attorney, which were memorialized by correspondence, about a conditional plea to the

2

indictment which would subject Gonzales to a 240 month sentence with the retention of the right to challenge the suppression ruling, and then a joint sentencing recommendation of 180 months in consideration of petitioner's agreement to forego appeal of the suppression ruling. After petitioner's first attorney withdrew and a second was retained, further discussions were had concerning the previously proposed plea disposition which included a recommended sentence of 180 months. Those discussions were also memorialized in correspondence. Simels was then retained, and Yannucci had several conversations with him which Yannucci considered indicated Simels's full knowledge of the probabilities of success at trial and the sentencing ramifications if convicted as opposed to a negotiated plea disposition.  Simels had argued that the government's interests could be best served by a lesser sentence than the previously discussed 180 months given Gonzales's limited role in the offense and the money the government would save by not going to trial. Based on the discussions with Simels, a plea resolution which included a jointly recommended sentence of 144 months was tendered. Yannucci also memorialized these discussions by correspondence to Simels.  During the plea and sentencing, Gonzales expressed no dissatisfaction with Simels or hesitancy over the plea agreement and sentence. (Yannucci aff.)

This matter is now before the Court upon petitioner's Motion to Vacate Under Section 2255.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States.  To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the

error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir.2005).

### **Discussion**

To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). "In order to succeed on an ineffective assistance of counsel claim in the context of a guilty plea, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense such that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *U.S. v. Ferguson*,

669 F.3d 756 (6th Cir. 2012) (citing *Strickland, supra* and *Hill v. Lockhart*, 474 U.S. 52, 59, (1985) ).

Petitioner asserts that because his attorney was being prosecuted by the same entity (the United States) in the Eastern District of New York that was prosecuting his client, there was a conflict of interest given that Simels's representation of Gonzales may have conflicted with his self-interest in negotiating the most favorable outcome for his own case. Furthermore, during the time that Simels was under indictment and representing Gonzales, he was also handling serious cases in other federal districts outside this district and the Eastern District of New York.  Had petitioner known of all this, he would not have allowed Simels to

4

represent him.

Petitioner likens his case to *United States v. DeFalco,* 644 F.2d 132 (3rd Cir. 1979), where the Third Circuit concluded that a § 2255 movant is able to show a risk of prejudice or conflict of interest where his attorney on direct appeal is, unbeknownst to movant, under indictment, participating in plea negotiations, and entering a guilty plea for himself in the same district court from which movant's appeal is being prosecuted. The attorney's plea followed plea bargaining which occurred during the pendency of movant's appeal with the same United States attorney's office that constituted the attorney's adversary on movant's appeal.

Unlike the lawyer in *DeFalco,* however, Simels was not under indictment in the same district court as petitioner or attempting to negotiate a plea with the same district attorney's office as Gonzales. In fact, the United States attorney in Gonzales's case knew nothing of Simels's indictment and there is no evidence that Simels was attempting to curry favor with the government on his own case but, rather, he took his case through trial which occurred months after Gonzales plead guilty.

The Sixth Circuit recognizes that a defendant must prove an actual conflict of interest that had an adverse effect on his lawyer's performance. *Taylor v. United States,* 985 F.2d 844 (6th Cir. 1993). A conflict of interest will exist if the client and his attorney are being investigated and prosecuted by the same office. *Id.* In *Taylor,* no actual conflict existed where petitioner had been found guilty by a federal jury on drug charges and his attorney was subsequently indicted by state officials on different charges.

Respondent asserts that petitioner has failed to show an actual conflict of interest

5

because Simels was implicated in a different crime and not prosecuted by the same office prosecuting petitioner. Nor, respondent asserts, has petitioner demonstrated an "adverse effect" on his case or that he was prejudiced.

While the Court disagrees with the government that petitioner has to show that his lawyer was implicated in the same crime as petitioner, the Court agrees that there was no actual conflict as Simels was under indictment in another federal district court and there is no evidence presented of an adverse effect on Gonzales's case as a result of Simels's representation. Nor is prejudice shown given that Simels actually secured a more favorable guilty plea than had been previously negotiated. Other than averring that he would not have had Simels represent him had he known of the indictment, Gonzales has not presented evidence demonstrating that but for this he would not have pleaded guilty and would have insisted on going to trial.

In his reply brief, petitioner surmises that Simels could not have been able to determine whether Gonzales's case would be defensible at trial when he had only been attorney of record for 29 days, but that he plead the case so quickly due to his own hectic schedule which included handling federal cases all over the country in addition to being under indictment. Gonzales speculates that it is not possible in 29 days to "take a big picture view of a case" to determine if it can be tried. Additionally, Gonzales states that during the 29 days Simels represented him, the two met only two times and Simels did all the talking and was not interested in what Gonzales had to say. Gonzales supposes that Simels's own case must have necessitated raising money for the expensive counsel he had retained. Petitioner also points out that Simels filed his own § 2255 motion which alleged that his attorney did not allow him

6

much participation in his defense which must show that he wanted to be his own co-counsel which would take time.  Finally, Gonzales asserts that it is below professional standards to fail to inform a client of one's own indictment and that the outcome certainly would have been different given that he would not have allowed Simels to represent him had he known of these facts.

As the government points out in its surreply brief, Gonzales does not offer credible proof in support of these speculations, or point to decisions or actions taken by Simels which were inconsistent with and adverse to Gonzales's interests.  In fact, the government notes that the other federal cases identified by petitioner do not show much involvement on Simels's part during the time he represented Gonzales. The government also counters that it was possible for Simels to "take a big picture view" of the case during the 29 days given that the case was not complex or extensive.  Finally, the plea colloquy shows that Gonzales did, in fact, understand and appreciate the benefits and consequences of his plea.

The Court agrees with the government that Gonzales fails to show an actual conflict of interest that adversely affected him.  Nor does he demonstrate deficient performance that prejudiced his defense. Further, Gonzales does not declare, with support, that he would not have pleaded guilty and would have insisted on going to trial if he had known of Simels's situation.

For the foregoing reasons, petitioner is not entitled to vacate his plea.  Nor is an evidentiary hearing required despite petitioner's assertion that such is necessary to "avoid the appearance of impropriety, which is obviously significant for all parties concerned, not least this Honorable Court."

7

**Conclusion**

For the foregoing reasons, Court petitioner's Motion to Vacate Under Section 2255 is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. §  1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.


      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/26/13